UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA          :
                                  :          No. 4:CR-02-0085-02
        vs.                       :
                                  :
MICHAEL ALLEN MORGRET             :          (Judge Muir)
                                  :

## ORDER

March 14, 2006

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

A significant portion of this order's background is set forth in our order of March 10, 2006.  In this order we address the portion of the document filed by Morgret on March 10, 2006, which may be construed as motion to "Proceed to Trial Due to Ineffective Counsel and Breach of Plea."  The front page of that document also includes the title "Brief In Support To Withdraw Plea An [sic] Proceed To Trial With New Counsel."

Although it is our practice summarily to strike a motion filed *pro se* by a party who is represented by counsel, because Morgret has filed a motion to discharge his counsel which remains pending, we will proceed to consider the merits of the motion to withdraw his guilty plea and proceed to trial.

We will rule on the motion without requiring the government to file any brief because we have all of the information necessary to consider Morgret's arguments.

In his motion Morgret claims that he is entitled to withdraw his guilty plea and proceed to a jury trial for the following reasons: 1) a number of statements made by his original counsel, John A. Felix, caused Morgret to misunderstand the maximum sentence he could receive as a result of pleading guilty; 2) his current counsel, Douglas B. Chester, has provided ineffective assistance for various reasons, such as the manner in which he handled the pre-sentence hearing and his failure to provide Morgret with copies of some court orders; 3) at the beginning of the pre-sentence hearing we initially concluded that Morgret bore the burden of proof; 4) the government could not have carried its burden of proof because the government did not call any witnesses at the pre-sentence hearing; 5) Morgret's failure to receive a three-level downward adjustment for acceptance of responsibility constitutes a breach of the plea agreement by the government; and 6) "[t]he Government also breached the plea [agreement] by asking that the Defendant['s sentence] be [e]nhanced as a [l]eader or [o]rganizer when the [p]lea agreement stated that he was not a leader or organizer" (Motion to Withdraw Plea, p. 4).

Morgret's first two arguments are based on his counsels' allegedly ineffective assistance.  We will not address the merits of those arguments because they have been raised prematurely. Morgret may raise those issues in a motion for post-conviction

relief filed pursuant to 28 U.S.C. § 2255.

For the following reasons, Morgret's remaining arguments are patently frivolous.

Morgret contends that he is entitled to withdraw his guilty plea and proceed to a trial because at the <u>beginning</u> of the pre-sentence hearing we stated that he bore the burden of proof with respect to the disputed facts.  As he concedes, however, we changed that ruling at the conclusion of the hearing.  The written opinion which ultimately addresses the disputed facts declares that the government met <u>its</u> burden of proof in establishing the facts to be relied upon in sentencing Morgret.  Our statements at the commencement of the pre-sentence hearing to the contrary were tentative and are of no moment.

Morgret next contends that the government did not meet its burden of proof because it did not call any witnesses at the pre-sentence hearing.  At the hearing we allowed Morgret to present his evidence first, so that he would have the opportunity to present additional evidence by way of rebuttal.  In light of the evidence admitted through the witnesses called by Morgret's counsel (apparently at Morgret's insistence), there was no need for the government to provide any additional evidence in its case in chief. The testimony of Morgret's witnesses provided ample evidence to support the government's proposed findings of fact.  The government

was not required to call any witness or submit any evidence during

its case in chief in order for the evidence to be considered by the

court.

In his two remaining arguments, Morgret contends that the

government breached the plea agreement by 1) not providing for a

downward adjustment for Morgret's alleged acceptance of

responsibility, and 2) asserting that Morgret's sentence should be

enhanced because he was an organizer or leader.

The parties' plea agreement provides that

> if the defendant can adequately demonstrate ... acceptance of
> responsibility to the government, the United States hereby
> moves [sic] at sentencing that the defendant receive a three-
> level reduction in the defendant's offense level for
> acceptance of responsibility.  The failure of the Court to
> find that the defendant is entitled to this three-level
> reduction shall not be a basis to void this plea agreement.

(Plea Agreement, p. 5, ¶9)  Although it is very poorly written, the

quoted sentence indicates that if Morgret "adequately" demonstrates

his acceptance of responsibility to the government, then the

government will move at sentencing for a three-level downward

adjustment in Morgret's Total Offense Level.  However, the next

sentence clearly advises Morgret that the court may not grant the

government's motion, and that such a refusal would not be a basis

to void the plea agreement.

United States Probation Officer Eric W. Noll concluded in

Morgret's pre-sentence report that Morgret was not entitled to any

reduction for acceptance of responsibility.  Morgret's objection to
that conclusion was fully briefed and was resolved in our order and
opinion of November 22, 2005, in which we found that Morgret is not
entitled to any such reduction.  To a large extent, Morgret's
current argument is an inappropriate attempt to have us reconsider
certain portions of our November 22, 2005, order and opinion.  This
attempt is untimely and without merit.

To the extent that Morgret is contending that the failure to
reduce his Total Offense Level for acceptance of responsibility
somehow constitutes a breach of the plea agreement by the
government, such a contention is not supported by the language of
the plea agreement itself.  At this point we do not know if Morgret
"adequately demonstrate[d] ... acceptance of responsibility to the
government."  In fact, the government may make a motion at
sentencing to reduce Morgret's Total Offense Level by three levels
for his acceptance of responsibility.  The significant point here
is that regardless of whether any such motion is made, the plea
agreement informed Morgret that the court may decline to grant such
a motion.  Our declination so far to reduce Morgret's sentence for
any alleged acceptance of responsibility has not resulted from any
breach of the plea agreement by the government.

Morgret's final argument is that the government "agreed in the
plea [agreement] that the defendant was not a leader nor a [sic]

organizer," yet at the pre-sentence hearing the government argued that such an enhancement should be applied. (Motion to Withdraw Plea, pp. 4, 5)  We have thoroughly reviewed the plea agreement and there is no language in it specifically addressing Morgret's role in the offense.  The only relevant language is the following: "The defendant and the United States reserve the right to argue for or against the application of any other provisions of the Sentencing Guidelines." (Plea Agreement, p. 7, ¶13)  In our view that provision allows the government to argue for an enhancement based on Morgret's role in the offense.  Morgret's contention that such an argument somehow breaches the plea agreement is frivolous.

None of Morgret's arguments concerning the withdrawal of his guilty plea have merit.  We will deny his *pro se* motion for to withdraw his guilty plea.

NOW, THEREFORE, IT IS ORDERED THAT:

Morgret's motion received by the undersigned on March 10, 2006, to withdraw his guilty plea and proceed to trial is denied.


s/Malcolm Muir
MUIR, U.S. District Judge

MM:ga

6