UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA


UNITED STATES OF AMERICA        :
                                :        No. 4:CR-02-0085-02
        vs.                     :
                                :
MICHAEL ALLEN MORGRET           :        (Judge Muir)


## ORDER

May 15, 2006

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

On August 25, 2003, Defendant Michael Allen Morgret pled
guilty to conspiracy to possess with intent to distribute and
distribution of in excess of 50 grams of cocaine base, and
conspiracy to use intimidation and corruptly to persuade another
person involving the tampering of witnesses.

After being represented by three prior appointed attorneys,
Douglas S. Chester, Esquire, was appointed on March 5, 2004, to
represent Morgret.  On March 10, 2006, Morgret filed a motion to
discharge Attorney Chester.  In his motion Morgret alleged, *inter
alia*, that Attorney Chester had ineffectively represented Morgret
in violation of Morgret's constitutional rights.  Morgret
subsequently filed a civil rights action pursuant to 42 U.S.C. §
1983 against Attorney Chester based on that alleged
ineffectiveness.  By order dated March 28, 2006, we granted
Morgret's motion to dismiss Attorney Chester.  G. Scott Gardner

was subsequently designated by James V. Wade, Federal Public
Defender, to represent Morgret.

On March 28, 2006, we issued an order in which we allowed
Attorney Gardner until May 12, 2006, to file a reply brief
concerning the sentencing factors set forth in 18 U.S.C. §
3553(a), and we scheduled Morgret's sentencing for May 19, 2006.
On April 3, 2006, Morgret filed a motion to extend the deadline
for his reply brief and continue his sentencing.  On that same
date we granted the motion and Morgret's reply brief is now due
to be filed by June 12, 2006, and his sentencing is scheduled for
July 20, 2006.

Attorney Chester subsequently contacted the Clerk of Court
in an effort to advise the court that Morgret "underwent a change
of heart," Morgret wished to have Attorney Chester re-appointed
as his counsel, and that Attorney Chester wished to discuss his
re-appointment with the court.  The Clerk of Court advised
Attorney Chester that 1) no action would be taken to effect such
re-appointment in light of Morgret's civil action against
Attorney Chester, 2) a motion would have to be filed in order to
present the matter to the court properly, and 3) in accordance
with the court's long-standing practice, the court would not meet
with Attorney Chester, unless Attorney Gardner and an Assistant
United States Attorney were present.

On April 26, 2006, Morgret filed a motion to dismiss his civil rights action against Attorney Chester "with Prejudice for failure to pay the required filing fee in a timely manner." (Motion to Dismiss, p. 1)  By order dated May 2, 2006, we granted the motion and closed that case.

On May 8, 2006, Attorney Chester filed a "Motion for Conference in Chambers."  Government counsel concurred in the motion.  By order dated May 9, 2006, we granted the motion and scheduled a conference for May 15, 2006, to be attended by Attorneys Chester, Gardner, and an Assistant United States Attorney.

The conference occurred on May 15, 2006, and all counsel were present.  During the conference the court and all counsel agreed that Morgret should be provided with an opportunity to have the court rule on whether Attorney Chester should be re-appointed as his counsel in this case.  Counsel also agreed that the appropriate procedure would be to require Morgret himself to file a motion for the relief he seeks.  Attorney Chester emphasized that Morgret's desire to have Attorney Chester re-appointed is not based on Attorney Gardner's action in this case. During the conference Attorney Gardner stated that he had met with Morgret on April 20, 2006, and that Morgret did not inform Attorney Gardner of any displeasure with Attorney Gardner or of

any intention to request the court to re-appoint Attorney
Chester.  Nonetheless, Attorney Gardner would concur in the
anticipated motion to have Attorney Chester re-appointed.

We will allow Morgret a brief period to file a motion to
have Attorney Chester re-appointed as his counsel.  In light of
Morgret's very recent allegations concerning Attorney Chester's
allegedly constitutionally-defective representation, any such
motion should clearly set forth the basis for Morgret's so-called
"change of heart" concerning Attorney Chester's representation.
We expressly advise Morgret that if his motion to have Attorney
Chester re-appointed may in any way be construed as a strategy to
preserve Morgret's ineffective assistance of counsel claims
against Attorney Chester, then the motion may not be granted.

NOW, THEREFORE, IT IS ORDERED THAT:

1.   Morgret may, within 3 weeks after the date of this
     order, file a motion to have Attorney Chester re-
     appointed accompanied by his supporting brief.

2.   If the motion is concurred in by Attorney Gardner and
     Assistant United States Attorney Martin within 2 weeks
     after Morgret's motion is filed, no further briefing
     will be required unless the court directs otherwise
     upon examining the supporting brief.

3.   The deadline for Morgret's reply brief concerning the

4

sentencing factors set forth in 18 U.S.C. § 3553(a) and
the date for his sentencing are continued *sine die*.
Those dates will be re-established in the order ruling
on Morgret's motion to have Attorney Chester re-
appointed.

s/Malcolm Muir
MUIR, U.S. District Judge

MM:ga

5