UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA


UNITED STATES OF AMERICA         :
                                 :        No. 4:CR-02-0085-02
        vs.                      :
                                 :
MICHAEL ALLEN MORGRET            :        (Judge Muir)
                                 :


**<u>ORDER</u>**

September 5, 2006

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

On July 28, 2006, Defendant Michael Allen Morgret filed a
motion to withdraw his guilty plea.  It is the third such motion
which Morgret has filed in this case.  A brief supporting the
motion was filed on August 8, 2006.  The government filed its
opposition brief on August 11, 2006.  Morgret's reply brief was
due to have been filed by August 28, 2006, and to this date no
such brief has been filed.  Morgret's motion to withdraw his
guilty plea is ripe for disposition.

Federal Rule of Criminal Procedure 11(d), entitled
"Withdrawing a Guilty or Nolo Contendere Plea," provides in
relevant part that

> [a] defendant may withdraw a plea of guilty or nolo
> contendere ... after the court accepts the plea, but before
> it imposes sentence if ... the defendant can show a fair and
> just reason for requesting the withdrawal.

Fed.R.Crim.P. 11(d).  "The burden of demonstrating a 'fair and

just' reason falls on the defendant, and that burden is substantial." United States v. Jones, 336 F.3d 245, 252 (3d Cir. 2004)(citing United States v. Hyde, 520 U.S. 670, 676-77, 117 S.Ct. 1630 (1997); United States v. Isaac, 141 F.3d 477, 485 (3d Cir.1998)).

The Court of Appeals for the Third Circuit has amplified the requirements to be met for a defendant to withdraw a guilty plea, and has consistently held that

> [a] district court must consider three factors when evaluating a motion to withdraw a guilty plea: (1) whether the defendant asserts his innocence; (2) the strength of the defendant's reasons for withdrawing the plea; and (3) whether the government would be prejudiced by the withdrawal.

United States v. Jones, 336 F.3d 245, 252 (3d Cir. 2004)(citing United States v. Brown, 250 F.3d, 811, 815 (3d Cir. 2001); United States v. Huff, 873 F.2d 709, 711 (3d Cir.1989)).  It is especially significant that the Court of Appeals for the Third Circuit has also commented that

> a shift in defense tactics, a change of mind, or the fear of punishment are not adequate reasons to impose upon the government the expense, difficulty, and risk of trying a defendant who has already acknowledged his guilt by pleading guilty.

United States v. Brown, 250 F.3d 811, 815 (3d Cir. 2001).

We will apply those legal principles to Morgret's pending motion to withdraw his guilty plea.  Before considering the merits of that motion, we will detail the material procedural and

2

factual history of this case.

This matter originated on April 11, 2002, with the filing of a six-count indictment against Defendant Michael Allen Morgret and six other individuals.  A second superseding indictment containing 19 counts was filed on November 14, 2002.  The crimes charged relate to an alleged conspiracy to distribute powder cocaine and crack cocaine.  In the course of that conspiracy some of the defendants, including Morgret, agreed to commit arson to obtain additional funds for the purchase of those drugs.

On August 25, 2003, Morgret pled guilty to counts 1 and 6 in that indictment.  Count 1 charged Morgret with conspiring to possess with intent to distribute and the distribution of in excess of 50 grams of cocaine base and cocaine.  Count 6 charged Morgret with conspiracy to intimidate witnesses, to possess and distribute firearms illegally, and to commit arson and mail fraud.

On December 5, 2003, we received Morgret's pre-sentence report.  Morgret immediately filed objections to his presentence report.  At that point progress in this case was retarded by five substitutions of counsel for Morgret and the filing of various motions, some of which were prompted by the decisions of the United States Supreme Court in Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531 (2004), and United States v. Booker, 543

U.S. 220, 125 S. Ct. 738 (2005).

The relief sought in two of Morgret's prior motions was the right to withdraw his guilty plea.  The first such motion was filed on December 19, 2003.  After granting Morgret a number of extensions of time to file a brief in support of that motion, on August 3, 2004, Morgret filed a "Motion to Withdraw [the] Previously Entered Motion to Withdraw Guilty Plea."  Paragraphs 2 and 3 of that motion state as follows:

> 2.  The basis for [the motion to withdraw the guilty plea] was that Mr. Morgret's plea was not knowing, intelligent and voluntary because he was unaware of the potential increase in his guideline range which might ensue if he were to attempt to argue or contest the Exceptions to the Pre[-] Sentence Report filed by the Probation Office, and that his counsel may have been ineffective in not more fully advising him of the risks involved in filing the exceptions as he did.
>
> 3.  After careful consideration, and thorough discussions with present Counsel, Mr. Morgret has directed counsel that he wishes to proceed with his guilty plea, and that he wishes to have the Court consider his Pre Sentence Report in the light of the recent *Blakeley* decision.

(Motion to Withdraw Previously Entered Motion to Withdraw Guilty Plea, p. 1, ¶¶2, 3)  On August 9, 2004, we ruled on that motion by entering an order which provided that "[t]he Motion to Withdraw Guilty Plea filed by Mr. Morgret on December 19, 2003, shall be deemed withdrawn." (Order of August 9, 2004)

As expressed by Morgret in paragraph 3 of his August 3, 2004, motion, at that point he consciously chose, with the advice

of counsel, to proceed on the basis of his guilty plea.  In
furtherance of that decision, Morgret filed supplemental
objections to his presentence report on September 16, 2004, and
February 3, 2005.

A presentence hearing on those objections commenced on July
22, 2005, and reconvened on September 16, 2005.  During the
hearing Morgret filed an oral motion to apply the "beyond a
reasonable doubt" standard of proof to his objections.  After
that motion was fully briefed, on November 22, 2005, we issued an
opinion and order consisting of 39 pages and including 101
findings of fact.  That document discusses in great detail
Morgret's participation in the crimes to which he plead guilty,
and in it we ruled upon all of Morgret's objections to the
report.  That order also established the schedule for the parties
to file their sentencing briefs, the sole purpose of which were
to apply the factors set forth in 18 U.S.C. § 3553(a) to the
facts of this case.

After granting Morgret a number of extensions of time to
file his sentencing brief, on March 10, 2006, Morgret filed a pro
se motion in which he requested the court to 1) discharge his
counsel and appoint new counsel, and 2) allow him to withdraw his
guilty plea and proceed to trial with new counsel.  For the
purposes of this order, the only relevant facet of that motion is

the one dealing with Morgret's desire to withdraw his guilty plea.  Morgret had argued in the motion that he was entitled to such relief because, *inter alia*, 1) a number of statements made by his original counsel, John A. Felix, caused Morgret to misunderstand the maximum sentence he could receive as a result of pleading guilty, and 2) Morgret's failure to receive a three-level downward adjustment for acceptance of responsibility constituted a breach of the plea agreement by the government.

On March 14, 2006, we issued an order in which we denied Morgret's motion to withdraw his guilty plea.  With respect to the argument that Attorney Felix's allegedly inaccurate statements caused Morgret to misunderstand the potential maximum sentence he faced, we concluded that such a claim could be raised only in a post-conviction motion.  With respect to his argument that he was wrongfully denied a three-level downward adjustment for acceptance of responsibility, we ruled that the argument had no merit because 1) the text of the plea agreement expressly provides that the court's refusal to credit Morgret for any acceptance of responsibility was not a basis to revoke the guilty plea, and 2) Morgret had argued this issue in his objections to the presentence report and his subsequent re-raising of the same argument in a motion to withdraw his guilty plea amounted to an inappropriate attempt to have the court reconsider a prior

ruling.

With that procedural and factual background in mind, we turn to Morgret's pending motion to withdraw his guilty plea.  We emphasize that

> a shift in defense tactics, a change of mind, or the fear of punishment are not adequate reasons to impose upon the government the expense, difficulty, and risk of trying a defendant who has already acknowledged his guilt by pleading guilty.

United States v. Brown, 250 F.3d 811, 815 (3d Cir. 2001).

The grounds currently advanced by Morgret in his motion to withdraw his guilty plea were initially raised in the motion he filed on December 19, 2003, for the same relief.  Morgret consequently made the strategic decision, in light of Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531 (2004), to proceed on the basis of his guilty plea and litigate his objections to the presentence report.  After unsuccessfully pursuing his objections to the presentence report, he now wishes to pursue an avenue he previously decided to waive.  We are of the view that one reason to deny Morgret's current motion to withdraw his guilty plea is that it amounts to no more than a shift in defense tactics. However, that is not the only reason to deny the motion.

The standard governing the substantive merits of such motions requires us to consider 1) whether Morgret asserts his innocence, 2) the strength of Morgret's reasons to withdraw the

7

plea, and 3) whether the government would be prejudiced by the withdrawal. United States v. Jones, 336 F.3d 245, 252 (3d Cir. 2004)(citing United States v. Brown, 250 F.3d, 811, 815 (3d Cir. 2001); United States v. Huff, 873 F.2d 709, 711 (3d Cir.1989)).

Morgret contends that the first factor weighs in his favor because he has repeatedly asserted "innocence of responsibility for the quantity of cocaine alleged by the Government." (Brief in Support of Motion to Withdraw Guilty Plea, p. 10)  A defendant in Morgret's position who is seeking to withdraw his guilty plea is required to support his assertions of innocence with "facts in the record that support a claimed defense." United States v. Brown, 250 F.3d 811, 818 (3d Cir.2001) "Bald assertions of innocence ... are insufficient to permit a defendant to withdraw [a] guilty plea." Id.

To the extent that Morgret claims to be "innocent" of any drug quantity greater than that to which he has admitted, he has failed to cite any evidence in the record to support his position.  As Morgret states in the documents filed in connection with his motion to withdraw his guilty plea, the drug quantity attributable to him has been a hotly contested focal point of this case from its inception.  At the presentence hearing the government met its burden of proof and convinced us that Morgret is clearly responsible for the quantity of drugs determined by

8

the Probation Officer in the presentence report.  The first
factor weighs against granting Morgret's motion to withdraw his
guilty plea.

The next element to consider is the strength of Morgret's
reasons to withdraw the plea.  Morgret seeks to withdraw his
guilty plea because the advisory sentencing guideline
imprisonment range applied to him is allegedly far greater than
the potential imprisonment term of which he had been advised when
he pled guilty.  In the motion to withdraw his guilty plea,
Morgret summarizes his position as follows:

> Nowhere in the Change of Plea transcript is there any
> acknowledgment whatsoever that Mr. Morgret was either told,
> or understood, that he could lose three levels for
> acceptance of responsibility by challenging the Government's
> version of the facts of weight of cocaine, number of trips
> to New York, the nature of the drugs, the money distribution
> and the arson case.

(Motion to Withdraw Guilty Plea, p. 5, ¶23)  He contends that his
misconception concerning the applicable imprisonment range is
based on a number of circumstances, including inaccurate
information given to him by the attorney who had represented
Morgret at the change of plea proceeding.

For the purposes of this order we will accept as true
Morgret's assertion that he was never orally advised during the
change of plea proceeding that "he could lose three levels for
acceptance of responsibility by challenging the Government's

version of the facts of weight of cocaine, number of trips to New
York, the nature of the drugs, the money distribution and the
arson case."  There are at least three reasons why that assertion
is of only marginal, if any, relevance.

First and foremost, the written plea agreement provides that

> if the defendant can adequately demonstrate ... acceptance
> of responsibility to the government, the United States
> hereby moves [sic] at sentencing that the defendant receive
> a three-level reduction in the defendant's offense level for
> acceptance of responsibility.  The failure of the Court to
> find that the defendant is entitled to this three-level
> reduction shall not be a basis to void this plea agreement.

(Plea Agreement, p. 5, ¶9)  As we stated in our order of March
14, 2006,

> [a]lthough it is very poorly written, the quoted sentence
> indicates that if Morgret "adequately" demonstrates his
> acceptance of responsibility to the government, then the
> government will move at sentencing for a three-level
> downward adjustment in Morgret's Total Offense Level.
> However, the next sentence clearly advises Morgret that the
> court may not grant the government's motion, and that such a
> refusal would not be a basis to void the plea agreement.

(Order of March 14, 2006, p. 4)  In that order we were
considering whether the failure to credit Morgret with a downward
adjustment of three levels constituted a breach of the plea
agreement by the government which would allow Morgret to withdraw
his guilty plea.  Although the issue we are currently considering
(whether Morgret's alleged misconception of his guideline
imprisonment range is a valid basis to allow him to withdraw his
guilty plea) is slightly different, the quoted statements from

10

the plea agreement and the order of March 14, 2006, apply here
with equal force.  Obviously, Morgret's dispute with the
government concerning drug quantity has lead the government to
conclude that Morgret has not "adequately" demonstrated an
acceptance of responsibility.

Moreover, when Morgret pled guilty to counts 1 and 6 of the
second superseding indictment the text of the plea agreement
clearly informed him that, as a general matter, he may or may not
receive a three-level downward departure for acceptance of
responsibility.  Consequently, there was no need to advise him,
during the change of plea proceeding, of the precise
circumstances under which he would or would not receive that
adjustment.  The plea agreement further notified Morgret that the
court was not bound to accept "any recommendations by the
parties." (Plea Agreement, p. 10, ¶21)

There is another reason to discount the fact that no oral
notice at the guilty plea proceeding was given to Morgret
concerning the possibility that he may not receive any downward
adjustment for acceptance of responsibility.  This second reason
relates to the specific information concerning the potential
maximum sentence, and our sentencing procedures, which was orally
provided to Morgret during the guilty plea proceeding.

The transcript of that hearing shows that Morgret was orally

11

advised of the following: 1) the maximum potential imprisonment
term for the offense in count 1 was life; 2) the "United States
has agreed to make a non-binding recommendation of a three level
reduction in offense level for acceptance of responsibility ...
[h]owever, the decision by the Court not to give that reduction
or to follow that recommendation won't be a basis to ... get out
of the plea agreement," (Guilty Plea Transcript, p. 7); 3) the
Court is "free to impose any lawful sentence, up to the maximum
sentence of life in prison," (Id., p. 9); 4) "should he receive a
sentence he doesn't like, ... he will not be permitted to
withdraw his guilty plea for that reason alone," (Id.); 5) the
tentative guideline range was 292 to 365 months; and 6) the court
was "not going to be able to determine what the guidelines are
until after there's been a presentence report prepared by the
probation officer[,] [Morgret] or the government or both will
have the right to challenge the law[, and] [i]f there's a
challenge on the facts, we'll have a presentence hearing ...
[b]ut before all that – until all that is done, we are not going
to be able to know what the guideline range is." (Id., pp. 13-14)

Based on the information orally provided to Morgret during
his guilty plea colloquy, particularly the sixth item noted in
the preceding paragraph, there can be no reasonable basis for
Morgret to have believed that his guideline imprisonment range

12

would reflect a downward adjustment of three levels for
acceptance of responsibility.  The reasons put forth by Morgret
to withdraw his guilty plea are not sufficiently strong to
warrant such relief.

There is a third reason why Morgret need not have been
advised of the possibility of the government's declination to
move for a three-level downward adjustment if Morgret contested
the drug quantity.  The guidelines are complicated and his
counsel had no obligation to advise Morgret in detail at or prior
to the guilty plea of every circumstance which might compel the
government not to recommend the three-level adjustment, or of the
reasons why the Probation officer might decline to find Morgret
entitled to the three-level adjustment.

In light of the foregoing, it does not appear necessary to
address the third factor, which is the prejudice that would be
experienced by the government if Morgret were allowed to withdraw
his guilty plea.  Nonetheless we will consider it.

In its brief opposing Morgret's motion to withdraw his
guilty plea, the government represents that

> the United States will be prejudiced if Morgret is permitted
> to withdraw his guilty plea.  Over four years have passed
> since the conduct giving rise to the criminal charges here.
> Co-defendants who have agreed to cooperate are nearing the
> end of their prison terms, if they have not already been
> released from custody.  Those co-defendants who testified
> [at the presentence hearing] were transported from distant
> federal prisons and held in hold-over status while waiting

> to be called as witnesses at the presentence hearing.
> Several of the witnesses have expressed concern and anxiety
> about being in holdover status while waiting to testify
> based on the disruption to their prison routines and fear of
> retaliation as a result of their testimony.  Allowing
> Morgret to withdraw his guilty plea will necessitate again
> transporting the co-defendants to testify at a trial and
> will result in considerable additional expense to the
> government and stress and anxiety for those witnesses.

(Government's Brief Opposing Motion to Withdraw Guilty Plea, pp. 7-8)  We agree with the government's representations.

We will deny Morgret's motion to withdraw his guilty plea.

In closing we note that Morgret's brief addressing the sentencing factors set forth in 18 U.S.C. § 3553(a) was filed on March 5, 2006.  The government filed its sentencing brief addressing those factors on March 21, 2006.  Various procedural developments occurred before the deadline for Morgret to file his reply brief addressing the sentencing factors set forth in 18 U.S.C. § 3553(a).  We will provide him with one final opportunity to file such a brief, and will schedule his sentencing.

NOW, THEREFORE, IT IS ORDERED THAT:

1.   Morgret may, by September 25, 2006, file a brief in reply to the government's sentencing brief.

2.   Sentence will be imposed in federal court room number 1 in Williamsport, Pennsylvania, on October 16, 2006, at

14

4:00 p.m.


s/Malcolm Muir
MUIR, U.S. District Judge

MM:gja