UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA


UNITED STATES OF AMERICA         :
                                 :         No. 4:CR-02-0085-02
     vs.                         :
                                 :
MICHAEL ALLEN MORGRET            :         (Judge Muir)
                                 :

**ORDER**

March 5, 2007

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

Defendant Michael Allen Morgret awaits sentencing after

pleading guilty to counts one and six of the second superseding

indictment filed on November 14, 2002.  Count 1 charged Morgret

with

> knowing and intentional possession with the intent to
> distribute and distribution of controlled substances, to
> wit: in excess of 50 grams of cocaine base, also known as
> crack cocaine, and in excess of 5 kilograms of cocaine
> powder, Schedule II controlled substances, and hydrocodone,
> a Schedule III controlled substance [in violation of 21
> U.S.C. § 846].

(Second Superseding Indictment, p. 7)  Count 6 charged Morgret

with conspiracy to intimidate witnesses, to possess and

distribute firearms illegally, and to commit arson and mail

fraud.[1]

---

[1]At his guilty plea proceeding, Morgret did not admit to the
allegations in that count pertaining to intimidation of
witnesses.

On December 28, 2006, Defendant Michael Allen Morgret filed a document entitled "Defendant's Third Motion To Withdraw Guilty Plea."  The title of that document is misleading because it is in fact the fourth such motion which Morgret has filed in this case.[2]  A brief supporting the motion was filed on January 15, 2007.  The government filed its opposition brief on February 6, 2007.  Morgret's reply brief was due to have been filed by February 20, 2007, and to this date no such brief has been filed. Morgret's motion to withdraw his guilty plea is ripe for disposition.

The legal standard governing a motion to withdraw a guilty plea was set forth in detail in our order of September 5, 2006, in which we denied Morgret's third motion to withdraw his guilty plea.  We will apply all of the principles discussed in that order to Morgret's current motion.  As stated in the September 5, 2006, order, Morgret bears the burden of demonstrating a fair and just reason to withdraw his guilty plea. *See* Fed.R.Crim.P. 11(d); United States v. Jones, 336 F.3d 245, 252 (3d Cir. 2004)(citing United States v. Hyde, 520 U.S. 670, 676-77, 117 S.Ct. 1630 (1997); United States v. Isaac, 141 F.3d 477, 485 (3d Cir.1998)).

---

[2]Morgret's three prior motions to withdraw his guilty plea were filed on December 19, 2003 (and amended on December 29, 2003), March 10, 2006, and July 26, 2006.  We denied each of those motions.

The Court of Appeals for the Third Circuit has consistently

held that

> [a] district court must consider three factors when
> evaluating a motion to withdraw a guilty plea: (1) whether
> the defendant asserts his innocence; (2) the strength of the
> defendant's reasons for withdrawing the plea; and (3)
> whether the government would be prejudiced by the
> withdrawal.

United States v. Jones, 336 F.3d 245, 252 (3d Cir. 2004)(citing

United States v. Brown, 250 F.3d, 811, 815 (3d Cir. 2001); United

States v. Huff, 873 F.2d 709, 711 (3d Cir.1989)).

All of Morgret's asserted reasons for withdrawing his guilty

plea relate to count one of the second superseding indictment.

He contends that he is entitled to withdraw his guilty plea to

that count because it

> is not couched as a generalized conspiracy to
> possess/conspiracy to distribute count.  Count One of the
> Second Superceding Indictment contains a specific weight:
> "... in excess of 50 grams of cocaine base[, ...,] and in
> excess of 5 kilograms of cocaine powder."
>     The record at the Change of Plea Hearing clearly
> indicates that the amounts to which Mr. Morgret allocuted,
> *to wit*: 11 grams of cocaine base and 422 grams of cocaine
> powder, were far less than the amount specifically charged
> in the Count of conviction, "in excess of 50 grams of
> cocaine base[, ...,] and in excess of 5 kilograms of cocaine
> powder."
>     These facts as admitted by Mr. Morgret are insufficient
> to support the Count of Conviction, and, pursuant to
> F.R.Cr.P. 11(f) the Guilty Plea should not have been
> accepted by the Court.
>     Mr. Morgret now seeks to withdraw his guilty plea of
> August 25, 2003, because it was accepted in error by the
> Court, as the facts admitted by the defendant did not fit or
> support the specific facts alleged in the Count of
> Conviction.

(Brief in Support of Defendant's Third Motion to Withdraw Guilty

Plea, p. 7)  Although Morgret cites Rule 11(f), it appears as

though he is actually relying upon Rule 11(b)(3), entitled

"Determining the Factual Basis for a Plea," which had been Rule

11(f) prior to a recent amendment to Rule 11.

The basis underlying Morgret's argument is that a court may

accept a plea of guilty to a drug conspiracy charge only if the

defendant admits to the drug quantity charged in the count at

issue.  Morgret cites no authority to support that assertion.

Our research did not uncover any controlling precedent

issued by the United States Supreme Court or the Court of Appeals

for the Third Circuit.  Persuasive authority in the form of

precedential opinions issued by other United states Courts of

Appeals weighs against Morgret's position.

The Court of Appeals for the Fourth Circuit has noted that

> [b]ecause a count may be broadly worded and include the
> conduct of many participants over a substantial period of
> time, the scope of the jointly-undertaken criminal activity,
> and hence relevant conduct, is not necessarily the same for
> every participant. ...  Thus, one participant in a multi-
> participant drug conspiracy may be held accountable, for
> sentencing purposes, for a greater or lesser quantity of
> drugs than other co[-]participants.

United States v. Gilliam, 987 F.2d 1009, 1012-1013 (4th Cir.

1993).  Those concepts are relevant to Morgret's case because

three of his co-defendants are also named in count 1 of the

second superseding indictment.

In Gilliam the defendant pled guilty to two indictments charging him with separate conspiracies to distribute or possess with the intent to distribute cocaine in violation of 21 U.S.C. § 846.  The amount of cocaine for which he was responsible was not specified in his plea agreement, and during the guilty plea colloquy "the court did not mention the issue of quantity of cocaine involved ...." Id. at 1012.  For sentencing purposes the district court ruled that Gilliam was responsible for 30 kilograms of cocaine because that was the amount alleged in the indictment containing the counts to which he pled guilty.

Gilliam appealed his sentence, arguing "that there was no basis to support the conclusion of the district court that he should be held accountable, for sentencing purposes, for 30 kilograms of cocaine." Id. at 1011.

The Court of Appeals for the Fourth Circuit in Gilliam discussed the various options available to a district court where a defendant pleads guilty to a drug conspiracy offense yet "the amount of drugs for which a defendant is to be held accountable is disputed." Id. at 1013.  Those options indicate that a defendant may enter a valid plea of guilty to such an offense while retaining the right to dispute the quantity of drugs

attributable to him.[3]

Although the Court of Appeals for the Fourth Circuit vacated Gilliam's sentence because the district court had not used any of the appropriate options, its instructions to the district court on remand are pertinent.  The Court of Appeals for the Fourth Circuit did not revoke Gilliam's guilty plea, but simply required that "the Government ... be afforded the opportunity to present evidence regarding ... the [drug] quantity for which it asserts Gilliam should be held accountable." Id. at 1015.

The Court of Appeals for the Ninth Circuit has expressly held that

> even where due process requires that a drug quantity allegation be pleaded in the indictment and proved to a jury beyond a reasonable doubt, a defendant can plead guilty to the elements of the offense without admitting the drug quantity allegation.

United States v. Ameline, 400 F.3d 646, 653 n.4 (9th Cir. 2005)(quoting United States v. Thomas, 355 F.3d 1191, 1198 (9th Cir. 2004)).

There are also a number of cases which discuss the issue

_____

[3]One option listed by the court was that "the Government may meet its burden [of establishing drug quantity] by presenting evidence that the court deems sufficient to establish the quantity of drugs attributable to the defendant." Id.  Morgret's case is distinguishable from Gilliam as a factual matter because we employed that option by conducting a presentence hearing and making findings of fact based upon the evidence introduced at that hearing.

raised by Morgret as a constitutional challenge to the guilty

plea proceeding based upon Apprendi v. New Jersey, 530 U.S. 466,

120 S.Ct. 2348 (2000).  For instance, in United States v.

Gonzalez, 420 F.3d 111 (2d Cir. 2005), the Court of Appeals for

the Second Circuit reversed the district court's denial of the

defendant's motion to withdraw his guilty plea.  In that case the

defendant had accepted responsibility for only .4 grams of

cocaine base, but at sentencing he was held accountable for an

additional kilogram.  The court in Gonzalez held, *inter alia*,

that as a result of Apprendi the maximum sentence to which a

defendant could be exposed by way of guilty plea is tied to the

quantity of drugs for which he admits responsibility.

In this case Morgret has accepted responsibility for 422

grams of cocaine powder and 11 grams of crack cocaine.  That

admission subjects him to a statutory maximum of 40 years'

incarceration. *See* 21 U.S.C. § 841(b)(1)(B)(iii).  Morgret's

current advisory guideline range, which incorporates the findings

of fact we made based upon a preponderance of the evidence, is

324 to 405 months.  Because Morgret's advisory guideline

imprisonment range is below the statutory maximum of 40 years,

cases such as Gonzalez and Apprendi do not apply to Morgret's

situation.

Morgret has not asserted his innocence and he has not

presented any sufficient reason to withdraw his guilty plea.  We
will deny his motion for such relief.

NOW, THEREFORE, IT IS ORDERED THAT:

1.   Morgret's most recent motion (Document 544) to withdraw
     his guilty plea is denied.

2.   Sentence will be imposed in federal court room number 1
     in Williamsport, Pennsylvania, on April 19, 2007, at
     4:00 p.m.


                                   s/Malcolm Muir
                                   MUIR, U.S. District Judge

MM:gja